St. Mary of Nazareth Hospital, Plaintiff-Appellee, v. The City of Chicago, Defendant-Appellant and Counterappellee.—(The County of Cook, Defendant-Appellant and Counterappellant-Counterappellee, and David L. Daniel, Director of the Cook County Department of Public Aid, Defendant-Appellant and Counterappellant.

(No. 59525;

First District (4th Division)—April 9, 1975.

*Rehearing denied July 7, 1975.*

512

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Michael A. Tyrrell, Assistant State's Attorneys, of counsel), for appellant County of Cook.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellant David L. Daniel.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegen, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Morgan, Lanoff, Cook, & Madigan, of Chicago (Samuel M. Lanoff and James T. Ryan, of counsel), for appellee St. Mary of Nazareth Hospital.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from a suit initiated by the plaintiff-appellee, St. Mary of Nazareth Hospital against the City of Chicago, the County of Cook, and David L. Daniel, as Director of the Cook County Department of Public Aid, to recover a hospital bill incurred on the treatment of one Frank Koniewicz, now deceased. The plaintiff moved for summary judgment against all three defendants and the trial court granted the motion. Summary judgment was entered in the plaintiff's favor against defendant Daniel in his capacity as Director of the Cook County Department of Public Aid and not individually in the amount of $16,285.42. Summary judgment was also entered in the plaintiff's favor against the County of Cook for $16,285.42 to the extent that the judgment was not satisfied against Daniel and against the City of Chicago for $10,480.25 to the

extent that the plaintiff failed to obtain satisfaction from Daniel or the County of Cook. Each of the defendants filed a counterclaim against each of the other defendants to recover from them the amount of any judgment entered against them in plaintiff's favor. The trial court entered judgment on the counterclaim of the County of Cook against Daniel for $16,285.42. The City of Chicago was awarded a judgment on its counterclaim against Daniel in the amount of $10,480.25 and on its counterclaim against the County of Cook for $10,480.25. From this judgment order the defendants appeal.

An examination of the record discloses the following pertinent facts. On the evening of August 7, 1970, at approximately 11 P.M., Chicago police officers Cliff Pienta and Richard Madeja received a radio communication that a man had been shot at 1219 N. Bosworth Avenue in Chicago. The officers proceeded to the scene and found a man later determined to be Frank Koniewicz, lying on the ground with two bullet wounds in his chest. Koniewicz was taken to the emergency room of the plaintiff hospital where he was treated for his injuries. He remained in St. Mary of Nazareth Hospital until November 19, 1970, when he was transferred to Cermak Memorial Hospital where he subsequently died.

At the time Koniewicz was transported to the plaintiff hospital it was not known that he had been involved in any type of criminal activity. However, after Officers Pienta and Madeja received the first radio communication another radio call was received advising them that an Edward Jendry had telephoned the Chicago police and informed them that he had just shot a man who had attempted to rob him. Officers Pienta and Madeja proceeded to Jendry's home, and Mr. Jendry stated that Frank Koniewicz had confronted him in an alley with a knife and demanded his money. Jendry stated that he pulled a gun and shot Koniewicz. Jendry was then taken to the 13th District police station.

The record contains an affidavit of Detective C. Hamilton of the Chicago police department. The affidavit discloses that on August 8, 1970, at approximately 12:45 A.M., Detective Hamilton was assigned to investigate the shooting that had occurred at 1219 N. Bosworth. Detective Hamilton stated that at approximately 1:30 A.M. at the 13th District police station he spoke with officers Pienta and Madeja who related to him what had occurred and that he spoke with Edward Jendry who informed him of the circumstances of the shooting. The affidavit further reveals that after taking the statements of Officers Pienta and Madeja and Edward Jendry, Detective Hamilton, at approximately 2 A.M., telephoned the State's attorney's office and provided the assistant State's attorney on duty, Sam Grossman, with the facts of the shooting. According to Detective Hamilton's affidavit, the assistant State's attorney,

Sam Grossman, advised Detective Hamilton that a complaint charging attempted armed robbery should be prepared and filed against Frank Koniewicz and that a complaint charging unlawful use of weapons and failure to register a weapon should be prepared and filed against Edward Jendry. Detective Hamilton stated that these complaints were prepared and that at approximately 2:30 A.M. on August 8, 1970, Edward Jendry signed the complaint against Frank Koniewicz and that officer Pienta signed the complaint against Jendry.

The record also contains an affidavit of officer Pienta in which he stated that on August 8, 1970, at approximately 10 A.M., he appeared before Judge Olson of the Circuit Court of Cook County in regards to the complaint against Frank Koniewicz. Officer Pienta stated that "Judge Olson continued the matter because Frank Koniewicz was unable to appear in court and his condition was not known at the time." On October 7, 1970, a mittimus was issued by Judge John F. Hechinger, which committed Frank Koniewicz to the custody of the sheriff of Cook County. However, as previously stated it was not until November 19, 1970, that Koniewicz was transferred to Cermak Memorial Hospital.

The total medical expenses incurred in the treatment and care of Koniewicz at the plaintiff hospital were $16,285.42. An application for medical assistance was made in Koniewicz's behalf to the Department of Public Aid. The application was denied on March 9, 1971. Thereafter, the plaintiff filed suit against the defendants to recover the medical expenses incurred in the treatment and care of Koniewicz.

The City of Chicago has appealed from that part of the judgment order which is enforceable against the City to the extent that the plaintiff did not receive satisfaction from the other defendants. The City of Chicago maintains that the trial court erred in granting plaintiff's motion for summary judgment against the City because there was a genuine issue as to a material fact. In the alternative the City maintains that summary judgment for plaintiff was improper as a matter of law. In regards to its counterclaims the City maintains that the trial court was correct in entering judgment in favor of the City of Chicago against the County of Cook and defendant Daniel.

The County of Cook also maintains that the trial court erred in granting plaintiff's motion for summary judgment against it because there was a genuine issue as to a material fact. The County also contends that due to the existence of a genuine issue as to a material fact the trial court erred in entering judgment on the City's counterclaim against the County.

The defendant Daniel maintains that the doctrine of sovereign immunity precludes the plaintiff's suit against him. Daniel also maintains that he is barred from granting aid to persons who have other resources

available to them and that Frank Koniewicz was such a person. In addition, Daniel contends that the plaintiff failed to exhaust its administrative remedies and therefore, plaintiff is barred from pursuing a remedy in the Circuit Court. In the alternative Daniel maintains that if he is liable for any amount it cannot be for the entire $16,285.42.

The City of Chicago and the County of Cook both contend that there exists a genuine issue as to a material fact. The material fact alleged to be in dispute is who had custody of Frank Koniewicz from August 7, 1970, to October 7, 1970, when the mittimus was issued committing Koniewicz to the custody of the sheriff of Cook County. It should be noted that the County does not deny liability for the medical services rendered to Koniewicz by the plaintiff hospital from October 7, 1970, to November 19, 1970. However, the County contends that the City had custody of Koniewicz during the period from August 7 to October 7, 1970, and the City maintains that the County had custody of Koniewicz during this interval. Both the City and County maintain that as long as the issue of custody of Koniewicz remained in dispute a motion for summary judgment should not have been granted. We do not agree that a genuine issue as to a material fact existed.

■■ There is no dispute as to Frank Koniewicz's admission to the plaintiff hospital on the evening of August 7, 1970 and that his admission was due to gunshot wounds received when he attempted to rob Edward Jendry. The City submitted the affidavit of Detective C. Hamilton of the Chicago Police Department which as previously stated revealed that in the early morning hours of August 8, 1970, Detective Hamilton was advised by a Cook County assistant State's attorney that Frank Koniewicz should be charged with attempted armed robbery. Detective Hamilton's affidavit states that such a complaint was prepared and signed by Edward Jendry. The record also contains an affidavit of plaintiff's attorney in which he states that he obtained a copy of the police report for August 8, 1970 and that it reveals that Frank Koniewicz was charged with attempted armed robbery on that date by a complaint signed by Edward Jendry. There was also a request in the police report by Detective Hamilton that the case be recorded as "Cleared by Arrest." There was a Xerox copy of the police report attached to the plaintiff's attorney's affidavit indicating the facts to be as stated. These affidavits and the factual allegations contained in them were uncontradicted. It is clear, therefore, that as of the early morning of August 8, 1970, Frank Koniewicz had been charged with a violation of the Illinois Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 8—4(a).) After Koniewicz had been charged with a violation of our State criminal law, it was the duty of the sheriff of Cook County to hold Koniewicz until bail was made or if bail was not made to

hold him until the time for trial. (See *People v. Frugoli,* 334 Ill. 324, 166 N.E. 129 (1929); also see *People v. Thomlison,* 400 Ill. 555, 81 N.E.2d 434 (1948).) If Koniewicz had not been injured in his abortive robbery attempt, he would have been brought before a judge of the Circuit Court of Cook County for preliminary examination and then admitted to bail. If he was not able to make bail he would have been held by the sheriff of Cook County in the Cook County jail until his case was called for trial or otherwise disposed of by law. We are, therefore, of the opinion that from August 8, 1970, the date Koniewicz was charged with a violation of our State criminal law, his custody was the responsibility of the sheriff of Cook County. Although actual custody of Koniewicz was impossible due to the injuries he had sustained, Koneiwicz was technically in the custody of the sheriff of Cook County from and after August 8, 1970. We, therefore, conclude that as to who had custody of Frank Koniewicz there existed no genuine issue as to a material fact.

The County places much emphasis on the fact that the pleadings and several of the affidavits submitted in this case contain statements that the Chicago police maintained a guard on Frank Koniewicz until October 7, 1970. We are of the opinion that this is of little or no import. As we have already indicated, from and after the time Koniewicz was charged with a violation of our State's criminal law the responsibility for his custody was in the Sheriff of Cook County. In an opinion of the Attorney General of Illinois, 93 Op. Att'y Gen. 231 (1961), which dealt with the precise issue now presented to this court, it was stated at page 232: "A delay in or failure to serve the warrants, and *the guarding of the prisoner by city policemen during that period would not affect the sheriff's duty to take custody and provide care.*" (Emphasis added.) Therefore, even if the allegations in the pleadings and affidavits that the Chicago police guarded Koniewicz until October 7, 1970, are true, this has no bearing on the fact that from and after the time Frank Koniewicz was charged with attempted armed robbery his custody was the responsibility of the sheriff of Cook County.

■■ Having determined that the custody of Frank Koniewicz was the responsibility of the sheriff of Cook County and that Koniewicz was in the technical custody of the sheriff of Cook County, we must next decide which governmental entity is liable for the medical expenses incurred in the treatment and care of Koniewicz. The law is quite clear on this point. The County of Cook is primarily and solely liable for the entire amount of the bill incurred at the plaintiff hospital for the medical treatment and care of Frank Koniewicz.

The Illinois Code of Criminal Procedure, section 103—2(c), provides that "[p]ersons in custody shall be treated humanely and provided with

proper food, shelter and, if required, medical treatment." (Ill. Rev. Stat. 1969, ch. 38, par. 103—2(c).) The Jails and Jailers Act (Ill. Rev. Stat. 1969, ch. 75, par. 1 *et seq.*), section 2, makes the sheriff of each county the warden of the county jail and provides that the sheriff shall have custody of all prisoners in the county jail. Section 19 of the Act states: "The warden of the jail shall furnish necessary bedding, clothing, fuel and *medical aid* for all prisoners under his charge, and keep an accurate account of the same." (Emphasis added.) The responsibility for maintaining and keeping the county jail and the prisoners incarcerated therein is placed on the county treasury. Section 24 of the Act provides, "The cost and expense of keeping, maintaining and furnishing the jail of each county, and of keeping and maintaining the prisoners thereof, except as otherwise provided by law, shall be paid from the county treasury, the account therefor being first settled and allowed by the county board." It is clear from these statutory provisions that the County of Cook is primarily and solely liable for the expenses incurred in the medical treatment and care of Frank Koniewicz from the date he was admitted to the plaintiff hospital until November 19, 1970, when he was transferred to the Cermak Memorial Hospital. The sheriff of Cook County was responsible for the custody of Koniewicz and had technical custody of him during this period. If it had not been for the serious injuries sustained by Koniewicz he would have been incarcerated in the Cook County Jail until his case was tried or otherwise disposed of by law. It is, therefore, incumbent upon the County of Cook to solely reimburse the plaintiff hospital for the medical expenses incurred in the treatment and care of Frank Koniewicz for the entire period he was in the plaintiff hospital.

A plaintiff is entitled to summary judgment against a defendant only when "* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1971, ch. 110, par. 57(3).) There was no genuine issue as to a material fact in the case at bar, but in regards to the City of Chicago, the plaintiff was not entitled to summary judgment against it as a matter of law. As previously indicated, the City had no responsibility for the medical expenses incurred in the care and treatment of Koniewicz. The liability for these expenses is on the County of Cook.

■■ Similarly, the plaintiff was not entitled as a matter of law to summary judgment against defendant Daniel. As argued by Daniel in his brief, he is barred from granting aid to persons who have other resources available. Article V of the Illinois Public Aid Code, section 5—1, states in pertinent part:

> "It is the purpose of this Article to provide a program of essential medical care and rehabilitative services for persons receiving basic maintenance grants under this Code and for other persons who are unable, *because of inadequate resources,* to meet their essential medical needs." (Ill. Rev. Stat. 1969, ch. 23, par. 5—1.) (Emphasis added.)

Article VII, sections 7—1.1 to 7—1.3 of the Illinois Public Aid Code, sets forth the eligibility requirements to receive public aid for medical and hospital care. One of the eligibility requirements is "need." Section 7—1.2 states:

> "The money, property, or other resources available to the person, including support available from legally responsible relatives, must be insufficient to meet the costs of necessary care, as defined by standards established in accordance with Section 7—2 of this Article."

Frank Koniewicz was not without adequate resources and did not come within the Code's definition of "need" because he was in the technical custody of the sheriff of Cook County, and his medical care and treatment was, therefore, the responsibility of the County. This conclusion is supported by the Attorney General of Illinois' Opinion, *supra,* where it is stated at page 234: "Just as the existence of a responsible relative (Par. 112) with ability to pay, or individual property sufficient to pay, would be a 'resource' available to a prospective recipient precluding a valid grant of assistance, so is the absolute liability of the sheriff and the county to furnish medical aid to a prisoner a 'resource' which removes that prisoner from the category of need." We are, therefore, of the opinion that defendant Daniel was barred from granting aid to Koniewicz because he had an adequate resource in the County of Cook and that the trial court erred in granting plaintiff summary judgment against defendant Daniel.

For the reasons herein stated we affirm the judgment of the trial court against the County of Cook but modify that judgment to make the County primarily and solely liable for all the medical expenses incurred at the plaintiff hospital in the treatment and care of Frank Koniewicz. In light of the fact that we find no liability on the City of Chicago and defendant Daniel, we reverse the trial court's judgment against these defendants. We reverse the judgments on all the counterclaims.

Judgment affirmed in part and modified and reversed in part.

DIERINGER, P. J., and JOHNSON, J., concur.