ROCKFORD MEMORIAL HOSPITAL, Plaintiff-Appellee, v. KARL SCHUELER, Defendant (The City of Rockford, Defendant-Appellant).

Second District No. 2—87—0813

Opinion filed March 18, 1988.

Franklin C. Cook, City Attorney, and Ronald N. Schultz, of City of Rockford Department of Law, both of Rockford, for appellant.

James P. Devine, of Williams & McCarthy, P.C., of Rockford, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, City of Rockford (city), appeals from the order of the circuit court which granted the motion of the plaintiff, Rockford Memorial Hospital, for summary judgment based on the plaintiff's small claims action, pursuant to section 16 of the County Department of Corrections Act (Act) (Ill. Rev. Stat. 1985, ch. 125, par. 216), to recover the entirety of a bill for services rendered to Karl Schueler, at a time when Rockford police officers had placed Schueler under arrest. On appeal, the city contends that the trial court erred when it found, as a matter of law, that section 16 imposed upon an "arresting authority" liability for medical expenses for which an arrestee would otherwise be liable. We note here that Karl Schueler is not a party to this appeal. For the reasons set forth below we affirm the judgment of the circuit court.

The following uncontested facts form the basis for this appeal. Rockford police officer Foltz arrested Karl Schueler at approximately 10 p.m. on August 27, 1986. Subsequently, the police officers transferred Schueler to the public safety building. During interrogation, Foltz noticed that Schueler appeared "high." At this time Schueler told Foltz that when he saw Rockford police cars, he swallowed approximately two grams of cocaine. The police officers then transported Schueler to Rockford Memorial Hospital, which treated him and ad-

mitted him for observation. The cost for this treatment amounted to $954.46. When the hospital released Schueler on August 28, 1986, the police brought him to the public safety building and charged him with a violation of the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 704).

On January 13, 1987, the plaintiff filed a complaint which sought payment for medical services, and on May 14, 1987, the plaintiff filed a motion for summary judgment which stated that pursuant to section 16 of the Act, the defendant was responsible for the medical expenses Schueler incurred at Rockford Memorial Hospital. On July 27, 1987, the court entered an order which granted the plaintiff's motion for summary judgment and awarded the plaintiff $954.46 plus costs. The city then filed this timely appeal.

As the material facts in this case are undisputed, the sole issue on appeal is a question of law, namely, whether the language of section 16 imposes liability on the city for the arrestee's medical bill. Section 16 of the Act provides in pertinent part:

"The county board may require convicted persons confined in a facility of the Department to reimburse the county for the expenses incurred for their confinement to the extent of their ability to pay for such expenses. The State's Attorney of the county in which the facility is located, if authorized by the county board, may institute civil actions to recover from such convicted confined persons the expenses incurred by their confinement. Such expenses recovered shall be paid into the county treasury.

An arresting authority shall be responsible for any incurred medical expenses relating to the arrestee until such time as the arrestee is placed in the custody of the sheriff. However, the arresting authority shall not be so responsible if the arrest was made pursuant to a request by the sheriff. For the purposes of this Section, 'arresting authority' shall have the meaning ascribed to it in Section 24 of 'An Act to revise the law in relation to jails and jailers', approved March 3, 1874, as amended." Ill. Rev. Stat. 1985, ch. 125, par. 216.

The city contends on appeal that it was not the legislature's intent, when it enacted section 16, to impose on an arresting authority such "extraordinary liability" of the type recognized by the trial court in this case. In this regard it is the defendant's position that because the statute's language is so deficient in terms of reflecting legislative sanction of the sort of all-encompassing liability which would flow from the plaintiff's understanding of the statute, section 16 should be

construed to mean that an arresting authority is responsible *only* for expenses related to *its own* provision of medical services to an arrestee. We disagree.

■■ Section 16 of the statute clearly holds the defendant responsible for the medical expenses of the arrestee, Karl Schueler. In the present case it is undisputed that: (1) the defendant arrested Schueler; (2) after the arrest Schueler incurred certain medical expenses as a result of treatment at the hospital; and (3) such expenses were incurred after the arrest but before Schueler was charged with a criminal offense.

■■ An arrestee is considered not within the sheriff's custody until such time as he is charged with a criminal offense. (*Sisters of the Third Order of St. Francis v. County of Tazewell* (1984), 122 Ill. App. 3d 605, 607; *St. Mary of Nazareth Hospital v. City of Chicago* (1975), 29 Ill. App. 3d 511, 515-16.) In the present case, however, the record demonstrates that Schueler incurred certain medical expenses after his arrest by the defendant's police officers, but prior to being charged or placed in the sheriff's custody. The statutory language clearly indicates that, under such circumstances, the arresting authority shall be responsible for any incurred medical expenses which relate to the arrestee.

■■ When interpreting a statute, the function of the court is to ascertain and give effect to the intent of the legislature. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479.) When determining legislative intent, consideration must be given to the entire statute, its nature, object, and purpose to be attained, and the evil to be remedied. (*Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 157.) Where the statute in question has not yet been judicially interpreted, the court is guided by both the plain meaning of the language in the statute as well as legislative intent, and when the statutory language is clear and unambiguous, the court's only function is to enforce the law as an act of our legislature. (*Eckman v. Board of Trustees for the Police Pension Fund* (1986), 143 Ill. App. 3d 757, 762.) In our opinion, in the present case, the statutory language does not lend itself to more than one interpretation.

■■ In any case, the plaintiff has failed to support its unique argument with any citation to legal authority as required by Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). Supreme Court Rule 341(e)(7) provides, among other things, that an appellant's brief must contain citations to the relevant authority which support the argument advanced on appeal. (See *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 345.) A court of review is entitled to have the issues

362

clearly defined and to be cited pertinent authority. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 943.) A contention that is supported by some argument but by no authority whatsoever does not satisfy the requirements of Supreme Court Rule 341(e)(7). (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43.) The well-established rule is that bare contentions without argument or citation of authority do not merit consideration on appeal. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 419, cert. *denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) Arguments which do not satisfy the requirements of Supreme Court Rule 341(e)(7) do not merit consideration on appeal. *Lunde v. Rockford Public Library Board* (1987), 153 Ill. App. 3d 803, 806.

■ In the present case, the defendant argues that the statutory language is ambiguous because it imposes "extraordinary liability" and, thus, the legislature could not have meant what it explicitly set forth in the statute. The defendant, however, cites no cases, notes, or legislative history to support this position. In the absence of such authority, we must follow the plain language of the statute.

Accordingly, for the reasons set forth above, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.