2024 IL App (1st) 230861-U

SECOND DIVISION
May 14, 2024

No. 1-23-0861

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SERGIO LOPEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 20 L 6749 |
| | ) | |
| | ) | |
| BRUCE WALLENBERG and 1826 W. ERIE LLC, | ) | |
| | ) | Honorable |
| | ) | Gerald V. Cleary, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the judgment of the circuit court. The circuit court did not abuse its discretion when it found that plaintiff failed to exercise due diligence in obtaining service on defendants and dismissed the complaint.

¶ 2    Plaintiff Sergio Lopez filed a complaint in the circuit court alleging that he was injured after falling down an unsafe staircase at a property owned by defendants, Bruce Wallenberg and

1826 W. Erie LLC. The record shows plaintiff never attempted to serve the corporate defendant. Plaintiff attempted to serve process on the individual defendant after filing the case. Plaintiff had several alias summonses issued to the individual defendant, but the trial court found that on two occasions there was no evidence plaintiff attempted to cause the alias summonses to be served on defendant which resulted in months of inactivity. The trial court considered the evidence in light of the factors relevant to the inquiry for assessing diligence in serving process, and it concluded that plaintiff failed to exercise due diligence in serving defendants. Finding no abuse of discretion, we affirm.

¶ 3                                          BACKGROUND

¶ 4      Plaintiff Sergio Lopez was a tenant at 1826 W. Erie Street in Chicago—a property owned or controlled by defendant Bruce Wallenberg. 1826 W. Erie LLC is also named in the complaint as a defendant and as the owner of the property. On June 26, 2018, plaintiff was walking down a staircase at the back of the property when he allegedly fell down the stairs. Plaintiff filed a complaint asserting claims for premises liability and negligence in which he contends that defendants are liable for his injuries. Among other things, plaintiff alleges that the back staircase where he fell was dark and there were no lights, and no handrails were present making the staircase unsafe.

¶ 5      Before filing his complaint, plaintiff ran a skip trace on defendants which revealed 8 different registered addresses for defendants. Plaintiff filed his complaint in this case on June 24, 2020. On July 15, 2020, the initial summons was issued to serve Wallenberg, the individual defendant, at the address of 1826 W. Erie Street in Chicago. According to the Sheriff's return the deputy served Wallenberg at 1826 W. Erie by substitute service on August 7, 2020.

¶ 6    Wallenberg filed a motion to quash service in which he alleged in an affidavit that the summons was served on Octavio Oplei, a contractor performing work at the property, who is not a member of defendant's family and furthermore defendant did not reside at the address. In his motion, defendant argued that one of the reasons the trial court should grant the motion was because "[a]t all times relevant, Defendant, [ ] resides in the Village of Mount Prospect, State of Illinois." One of the addresses that appeared in the skip trace results plaintiff obtained before filing suit was in Mount Prospect, Illinois. In an agreed order, the trial court granted defendant's motion to quash service on November 17, 2020.

¶ 7    Plaintiff issued an alias summons directed to Wallenberg at the Mount Prospect address on December 4, 2020. However, there is no evidence in the record that the alias summons was ever delivered to the Sheriff for service or that plaintiff caused the summons to be served on Wallenberg by any other method.

¶ 8    According to the record, after the December 4th alias summons was issued, plaintiff did not make any attempt to serve defendants until nearly six months later on June 2, 2021 when plaintiff reissued the alias summons directed to Wallenberg at the Mount Prospect address. However, the Sheriff's return of service for the June 2nd alias summons stated no contact was made with defendant.

¶ 9    Plaintiff reissued the alias summons directed to Wallenberg at the Mount Prospect address on August 20, 2021. However, there is no return of service in the record for the August 20th summons, and the circuit court noted there is no evidence in the record that plaintiff delivered the summons to the Sheriff for service on defendant or caused service to be made by any other method. After August 20, 2021, plaintiff's next documented attempt at service occurred when plaintiff reissued the alias summons at the Mount Prospect address on February

14, 2022. But again, there is no return of service in the record for the February 14th summons, or any other evidence the summons was placed with the Sheriff or that service was attempted in any other manner.

¶ 10    After the February 14th alias summons was issued, plaintiff did not take any documented actions relating to service until June 30, 2022—four and a half months after the most recent summons was issued. In June 2022, plaintiff hired a private investigator and ran another skip trace on defendants. Plaintiff received the results from the skip trace a few days later, on July 5, 2022. This time, the skip trace revealed four registered addresses for defendants. One of the results in the second skip trace, which was also an address included in the first skip trace results, was an address at 909 North Winchester Ave., Apt. 4 in Chicago. The private investigator suggested this North Winchester address was defendant's primary residence. Plaintiff caused an alias summons to be issued for the North Winchester address on July 15, 2022. On July 21, 2022, more than two years after this case was filed and four years after the alleged injury occurred, plaintiff perfected service on defendant via a special process server. Plaintiff never separately attempted to serve process on defendant 1826 W. Erie LLC.

¶ 11    Defendants filed a motion to dismiss the case with prejudice under Illinois Supreme Court Rule 103(b) which provides for the dismissal of claims against a defendant when the plaintiff fails to exercise due diligence in effectuating service of process on a defendant. See Ill. S. Ct. R. 103(b) (West 2022) (eff. July 1, 2007). The motion was fully briefed by the parties. In a five-page written order, the trial court granted defendants' motion to dismiss the complaint with prejudice.

¶ 12    In deciding to dismiss the case, the trial court found plaintiff did not exercise reasonable diligence in serving defendants. The trial court expressly analyzed the eight factors our supreme

4

court has directed courts in this State to consider when exercising their discretion to determine if dismissal for failure to exercise reasonable diligence in obtaining service of process is warranted. The court noted that, on three occasions, plaintiff caused the clerk of the court to issue an alias summons to Wallenberg but that there was no evidence the alias summonses were delivered to the Sheriff for service. Noting that the unreasonable delay in obtaining service in this case occurred after the statute of limitations expired, the trial court ruled that the dismissal would be a dismissal with prejudice. Plaintiff filed a motion to reconsider. The trial court denied plaintiff's motion to reconsider, and plaintiff now appeals the dismissal of his complaint.[1]

¶ 13                                  ANALYSIS

¶ 14    Supreme Court Rule 103 provides for the dismissal of claims made against a defendant when the plaintiff fails to exercise reasonable diligence to obtain service on that defendant. Ill. S. Ct. R. 103(b) (West 2022) (eff. July 1, 2007). When the failure to exercise reasonable diligence occurs after the expiration of the statute of limitations, the dismissal "shall be with prejudice." *Id.*

¶ 15    Rule 103(b) was adopted by the supreme court to effectuate the Court's "historical and constitutional mandate to render justice fairly and promptly." *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990). "The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990).

¶ 16    When a defendant moves for dismissal under Rule 103(b), the defendant has the initial burden of making a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing the complaint. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 17. If the defendant makes this *prima facie* showing, the burden shifts to the plaintiff to provide

---

[1] Plaintiff did not file a reply brief in support of his appeal.

a satisfactory explanation for the delay in service. *Id*. A trial court's ruling on a motion to dismiss under Rule 103(b) "will not be disturbed absent an abuse of discretion." *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). The abuse of discretion standard is a highly deferential standard of review (*People v. Lerma*, 2016 IL 118496, ¶ 32), and we will find an abuse of discretion only when the trial court's decision is arbitrary, fanciful, or unreasonable to such a degree that no reasonable person would agree with it (*Clanton v. Oakbrook Healthcare Center, Ltd.*, 2022 IL App (1st) 210984, ¶ 43).

¶ 17 A defendant's knowledge of the pendency of a suit or the lack of prejudice to the defendant are significant considerations in determining whether the plaintiff was diligent; they are, however, but two factors to be considered by the court in deciding the question of diligence. *Womick*, 137 Ill. 2d at 377. "Actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b)." *Id*. Other factors the court may consider in determining whether the plaintiff was diligent include: "(1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant, and all of these factors are to be considered with a view toward fulfilling the constitutional mandate of rendering justice fairly and promptly (internal citations omitted)." *Id*.

¶ 18 As the trial court did, we find that defendants made a *prima facie* showing that plaintiff failed to exercise reasonable diligence in effectuating service on defendants after filing the complaint. Whether the defendant has made a *prima facie* showing of a lack of diligence is made on a case-by-case basis. *Carman-Crothers v. Brynda*, 2014 IL App (1st) 130280, ¶ 14. A *prima*

*facie* showing of lack of diligence, however, may be made by showing a lengthy delay in obtaining service alone. See *id.*; *Ollins v. Karl*, 2022 IL App (1st) 220150, ¶ 45 ("the lengthy delay, in and of itself, is a *prima facie* showing that plaintiffs failed to exercise reasonable diligence in serving defendant, shifting the burden to plaintiffs to provide a satisfactory explanation for the delay"); *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 22 (a one-year delay between the filing of the case and the defendant being served is alone sufficient to make a *prima facie* showing that there was a lack of diligence).

¶ 19    As to the corporate defendant, plaintiff never attempted to serve 1826 W. Erie LLC. Plaintiff could have located and served the company simply by searching the Secretary of State's database to find the company's registered agent. Plaintiff does not make any meaningful argument on appeal that the dismissal with regard to the LLC was an abuse of discretion. He does not provide any explanation for the delay in serving the company, and he has failed to meet his burden of going forward. We find the trial court did not abuse its discretion when it dismissed the claims against the LLC.

¶ 20    As to the individual defendant, service was not obtained for more than two years after the case was filed and more than four years after the alleged injury occurred. Defendant made a *prima facie* showing that plaintiff failed to act with reasonable diligence in obtaining service on him and the burden shifted to plaintiff to provide a reasonable explanation for the delay or otherwise show he was diligent. *Carman-Crothers*, 2014 IL App (1st) 130280, ¶ 14; *Mular*, 2015 IL App (1st) 142439, ¶ 22.

¶ 21    Plaintiff argues that the trial court abused its discretion when it found that he failed to exercise reasonable diligence to obtain service. Plaintiff makes three primary arguments on appeal. First, plaintiff contends that the statement defendant made in his motion to quash service

was a misleading or false statement that delayed serving process on defendants. Second, plaintiff contends that his exercise of diligence is supported by his performance of two skip traces and his issuance of five alias summonses during the time period in which he tried to effect service on defendants. Third, plaintiff contends that the fact defendants had eight registered addresses made it anything but easy to serve defendants. In making these arguments, plaintiff maintains that defendants had knowledge of the case on August 7, 2020 when they moved to quash service, that there was no prejudice to defendants by the delay in service, and that the other factors Illinois courts consider concerning diligence in obtaining service "clearly favor" plaintiff.

¶ 22    We begin with plaintiff's argument that the trial court abused its discretion by failing to properly consider the activities plaintiff undertook in furtherance of obtaining service. Plaintiff highlights that he performed two skip traces and issued five alias summonses, and he argues that his overall activity shows he exercised diligence in serving defendant. We disagree that the activities specified by plaintiff constituted due diligence under the circumstances.

¶ 23    Plaintiff did issue multiple alias summonses and performed two skip traces. These efforts, however, were made over the course of more than two years. More important, however, is that while plaintiff had these alias summonses issued, he only presents evidence of having placed one of the relevant alias summonses with the Sheriff to be served. The record contains no returns of service or other evidence of attempted service for any of the alias summonses other than summons issued on June 2, 2021. From the time the motion to quash service was granted on November 17, 2020, there is no evidence that plaintiff actually placed a summons for service until the June 2, 2021 alias summons was placed with the Sheriff on June 4, 2021.

¶ 24    The June 2, 2021 alias summons was returned on June 29, 2021 without perfected service because the Sheriff made no contact with defendant. Plaintiff had alias summonses issued on

August 20, 2021 and February 14, 2022, but no returns of service or other evidence was offered to show that service was ever attempted on those summonses. It was not until July 5, 2022 that plaintiff has another alias summons issued which was then placed with a special process server and service was thereafter perfected.

¶ 25    Simply having the summons issued is not supportive of plaintiff's efforts at service. See *Sullivan v. Nissen Trampoline Co.*, 82 Ill. App. 2d 1, 4-5 (1967); *Mular*, 2015 IL App (1st) 142439, ¶¶ 25-26. The Supreme Court Rules require a plaintiff to act "promptly" by placing an issued summons with the Sheriff for service. "Promptly upon issuance, summons (together with copies of the complaint as required by Rule 104) shall be placed for service with the sheriff or other officer or person authorized to serve process." Ill. S. Ct. R. 102(a) (eff. April 24, 2023). The plaintiff "has a nondelegable duty to (1) assure the clerk issued the summons, (2) deliver the summons to the process server for service, and (3) see the process server made a prompt and proper return." *Smith v. Menold Construction, Inc.*, 348 Ill. App. 3d 1051, 1056 (2004); see also *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129 (1986). There is no evidence to suggest plaintiff fulfilled these duties with regard to three out of the four alias summonses issued after the improper substitute service was quashed.

¶ 26    Plaintiff filed his case two days before the two-year statute of limitations expired. Therefore, failure to exercise due diligence to serve defendants would result in a dismissal with prejudice. Ill. S. Ct. R. 103(b) (West 2022) (eff. July 1, 2007). While the trial court observed that plaintiff made some efforts at obtaining service, the trial court concluded that plaintiff was not exercising overall diligence to obtain service where summonses were repeatedly issued but never placed with the Sheriff or a process server for service, resulting in significant periods of inactivity.

¶ 27    In deciding dismissal of the claims was warranted here, the trial court emphasized in its written order plaintiff's inactivity during significant periods of time after the case was filed. Plaintiff argues that the trial court abused its discretion when it did not adequately consider the activities he undertook during the "active periods" of trying to serve defendant and instead relied upon the "aggregate period of inactivity." Under the abuse of discretion standard, the reviewing court will neither presume that error occurred in the trial court nor assume that the trial court misunderstood the applicable law but will instead extend all reasonable presumptions in favor of the judgment or order from which the appeal is taken. *American Wheel & Engineering Co. v. Dana Molded Products, Inc.*, 132 Ill. App. 3d 205, 212 (1985). In any event, the trial court *did* set forth in its order the actions plaintiff took in attempting to obtain service on defendants. In fact, the trial court classified plaintiff's efforts at obtaining service during various periods of time as representative of exercising some diligence. After pointing out that plaintiff exercised diligence during some periods of time after filing the case, the trial court, however, observed that over the two-year period from filing the case to obtaining service, there were periods of six months, four and a half months, and six months again where plaintiff undertook no demonstrated activity to effectuate service—a total of 16.5 months of inactivity.

¶ 28    Plaintiff argues that the trial court erred and abused its discretion simply by pointing out the aggregate total of 16.5 months in which plaintiff was not taking any action in furtherance of obtaining service. Plaintiff argues that it is improper for the trial court to consider aggregated periods of inactivity. Plaintiff cites no authority in the section of his brief dedicated to this argument as representative of the trial court being prohibited from considering the total time of inactivity. A contention that is supported by argument but by no authority whatsoever does not satisfy the requirements of Supreme Court Rule 341(e)(7). *Rockford Memorial Hospital v.*

*Schueler*, 167 Ill. App. 3d 358, 362 (1988). Arguments which do not satisfy the requirements of Supreme Court Rule 341(e)(7) do not merit consideration on appeal. *Id.* Nonetheless, we have previously endorsed a trial court looking at multiple separate periods of inactivity and their overall impact when determining whether a plaintiff's activity in the case is demonstrative of exercising diligence. See *Ollins*, 2022 IL App (1st) 220150, ¶ 52 ("plaintiffs' unexcused five-month delay in mailing the waiver request, *coupled with* their additional unexcused five-month delay in serving defendant after he failed to timely respond to the waiver request, constituted a lack of reasonable diligence in obtaining service on him (emphasis added).").

¶ 29    Looking at the significant periods of inactivity, the trial court found the lack of action by plaintiff to weigh in favor of a finding that plaintiff did not exercise diligence. The trial court's order as a whole makes clear that it considered the totality of the circumstances. Notably, plaintiff makes no effort to explain the reasons for not placing several alias summonses with the Sheriff or special process server or for the long periods of inactivity in the case, nor does he provide a basis on which the inactivity might be excused. Plaintiff similarly does not explain why the record is devoid of returns of service for the summonses that were issued during the relevant period. The trial court did not base its decision that defendant failed to exercise due diligence solely on the aggregate time of inactivity. The aggregate inactivity, however, was something the trial court could consider. *Id*. We find no abuse of discretion in the trial court's conclusion.

¶ 30    We next address plaintiff's contentions with regard to the statement defendant made in his motion to quash service. When plaintiff first tried to effectuate service in this case, he served a contractor performing work at one of the properties that defendant owns. Defendant moved to quash service and the motion was granted in an agreed order. One of the statements made in

defendant's motion to quash substitute service was that "[a]t all times relevant, Defendant, [ ] resides in the Village of Mount Prospect, State of Illinois." Plaintiff argues that he has shown the existence of "special circumstances" preventing service, by demonstrating difficulty in locating defendant or the purposeful avoidance of service (citing *Connaughton v. Burke*, 46 Ill. App. 3d 602 (1977)).

¶ 31    Plaintiff has failed to establish that defendant made a false or misleading statement in his motion to quash service. Plaintiff has similarly failed to demonstrate that defendant was purposefully avoiding service. Plaintiff never attempted to serve defendant in Mount Prospect before the motion to quash service was filed, even though that address was named in the initial skip trace as defendant's probable principal address. Plaintiff failed to learn that the Mount Prospect property was sold until performing the second skip trace two and a half years later. Tellingly, after performing the second skip trace, plaintiff was able to serve defendant within three weeks. Plaintiff ultimately served defendant at an address that was included in the results of the original skip trace performed two and a half years earlier. We reject plaintiff's argument that the statement in the motion to quash service provides a satisfactory explanation for the delay in obtaining service.

¶ 32    Finally, plaintiff argues that the trial court erred when it concluded plaintiff could have found and served defendant at an earlier point, especially in light of defendants having eight registered addresses at the outset. However, this argument is simply a rehashing of the argument plaintiff made regarding defendant's statement in the motion to quash service, which we have rejected. See *supra* ¶¶ 30-31. Plaintiff again relies on the statement defendant made in his motion to quash service as the predominant reason for not being able to serve defendant sooner. Plaintiff does not provide any authority in this section of his brief to support his argument. See *Rockford*

*Memorial Hospital*, 167 Ill. App. 3d at 362 (arguments that do not satisfy the requirements of Supreme Court Rule 341(e)(7) do not merit consideration on appeal). Plaintiff has not demonstrated that the trial court erred when it concluded that plaintiff could have and should have acted sooner to try to serve defendant in Chicago.

¶ 33      Ultimately, the trial court in this case undertook a comprehensive review of the facts as they related to plaintiff's efforts to obtain service on defendants. The trial court individually analyzed each of the eight factors our supreme court has set forth as considerations bearing on the question of diligence in obtaining service. In analyzing each of the factors, the trial court considered the relevant evidence pertaining to that consideration. The trial court weighed those considerations and the supporting evidence, giving some credit to plaintiff, while ultimately concluding that the evidence supported a finding that plaintiff failed to exercise the required level of diligence in obtaining service to avoid dismissal under the Supreme Court Rules. The trial court concluded that only two of the eight factors—defendant's actual knowledge of the case and eventual actual service—favored plaintiff.

¶ 34      The trial court weighed the correct factors, weighed the relevant evidence, and came to a thoughtful, deliberate conclusion on the question presented. See *In re Marriage of Marsh*, 343 Ill. App. 3d 1235, 1241 (2003) (the trial court does not abuse its discretion when it carefully considers all of the evidence and all of the relevant factors, does not ignore applicable principles of law, and its judgment does not exceed the bounds of reason); *Young v. Wilkinson*, 2022 IL App (4th) 220302, ¶ 65 (when the trial court gives appropriate consideration to the factors to be examined under a Supreme Court Rule, we will not reweigh those factors); see also *Gutierrez v. Quail Run Apartment Owners Association*, 2024 IL App (3d) 230142-U, ¶ 40. As defendant aptly describes it, "[f]ar from arbitrary, fanciful, or unreasonable, the Circuit Court's dismissal of

Plaintiff's Complaint was grounded in a thorough analysis of the record and the appropriate legal principles." We agree, and we hold that the trial court did not abuse its discretion when it found plaintiff failed to exercise due diligence in obtaining service on both defendants and accordingly dismissed his complaint.

¶ 35                                   CONCLUSION

¶ 36    Accordingly, we affirm.

¶ 37    Affirmed.