THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY G. TRIMBLE, Defendant-Appellant.

Second District   No. 2—88—0271

Opinion filed April 11, 1989.

Selwyn Coleman, of Roselle, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Samuel J. Cahnman, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, defendant was found guilty of one count of filing a false police report of the theft of a vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(6)) and two counts of insurance fraud (Ill. Rev. Stat. 1985, ch. 73, par. 1101). Following the denial of defendant's post-trial motion, defendant received concurrent sentences of 24 months' probation and 40 hours of community service. On the insurance fraud counts, defendant was also ordered to pay $10,200 in restitution to each of the two defrauded insurance companies.

Defendant raises several issues on appeal; however, we find we are unable to address the merits of any of the issues raised due to a violation of Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)).

Supreme Court Rule 341(e)(7) provides in pertinent part as follows:

> "Argument, which shall contain the contentions of the appellant and the reasons therefor, with citations of the authorities and the pages of the record relied on." 113 Ill. 2d R. 341(e)(7).

An examination of defendant's appellate brief reveals that he has failed to make a single citation to authority in the argument portion of the brief, nor has he cited any authority in the points and authorities section of his brief, a violation of Supreme Court Rule 341(e)(1) (113 Ill. 2d R. 341(e)(1)). We especially note that after the State in the appellee's brief commented on the failure of the defendant to cite any authority to support the issues he raised, the defendant proceeded to file his reply brief, which was also without citation to authority.

■ A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. (*Rockford Memorial Hospital v. Schueler* (1988), 167 Ill. App. 3d 358, 361-62.) The appellate court is not a depository in which the appellant may dump the burden of argument and research. (See *Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719.) To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, defendant's position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' as-

sertions, which is essential to an accurate determination of the issues raised on appeal. *People v. Gonzales* (1989), 179 Ill. App. 3d 546, 549-50.

■ Arguments which do not satisfy the requirements of Supreme Court Rule 341(e)(7) do not merit consideration on appeal. (*Rockford Memorial Hospital*, 167 Ill. App. 3d at 362.) We, therefore, decline to consider defendant's appellate contentions and deem all issues waived.

The judgment of the circuit court is affirmed.

Affirmed.

NASH and INGLIS, JJ., concur.