KENNETH CHESSICK, Plaintiff-Appellant, v. SHERMAN HOSPITAL AS-
SOCIATION, Defendant-Appellee.

Second District   No. 2—89—0550

Opinion filed November 9, 1989.

Kenneth Chessick, of Law Offices of Kenneth C. Chessick, M.D., of Schaumburg, appellant *pro se.*

Wendell W. Clancy & Associates, of St. Charles (Wendell W. Clancy, of counsel), for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Kenneth Chessick, a licensed physician and a licensed attorney at law, appeals from a trial court order denying his petition for a preliminary injunction against the defendant, Sherman Hospital Association.

While plaintiff maintains that the facts in this case are largely undisputed, defendant disagrees and has provided its own statement of facts. In addition, defendant has moved to strike plaintiff's statement of facts as being in violation of Supreme Court Rule 341(e)(6) (113 Ill. 2d R. 341(e)(6)), which sets forth that the statement of facts

"shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." 113 Ill. 2d R. 341(e)(6).

Defendant specifically complains that plaintiff has "mischaracterized" the record in this case in that plaintiff's citations to the record do not support his statements of the facts in this case.

■ Where this court's ability to review the issues in a given case is hindered by the content of the statement of facts, the statement of facts will be stricken. (See *Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 396.) While we do not disagree with the defendant's criticism of plaintiff's statement of facts, there are sufficient facts set forth to allow us to review the issues raised. Therefore, defendant's motion to strike plaintiff's statement of facts is denied. We turn now to the merits of plaintiff's appeal.

Plaintiff brought suit against the defendant seeking a temporary restraining order, preliminary injunction, and a permanent injunction following defendant's issuing of restrictions on plaintiff's general surgery and gastrointestinal endoscopy privileges at Sherman Hospital. The plaintiff sought to enjoin the defendant from enforcing the restrictions on his privileges. After issuing several temporary restraining orders, the trial court conducted a hearing on plaintiff's petition

for the issuance of a preliminary injunction. The hearing revealed the following facts.

Since 1984, plaintiff had been an associate staff member at Sherman Hospital. He was reviewed for consideration of advancement to the status of associate attending staff. Under the defendant's bylaws, a physician serves a one-year provisional period as an associate staff member. At the end of the year, the physician's records are reviewed by the medical executive committee, which then recommends promotion, termination, or extending the probationary period. The probationary period can only be extended for a total of two years. Having been an associate staff member for two years, plaintiff was ineligible for further extension.

On February 24, 1987, the surgical medical care evaluation subcommittee recommended plaintiff's advancement with certain restrictions, which included consulting and auditing requirements. Under the bylaws, the physician could then have an interview with the steering committee of his department. Dr. Joseph Michelotti, chairman of the surgical steering committee, invited the plaintiff to an interview to discuss the circumstances prompting the restrictions. Plaintiff, by letter, requested a list of specific, detailed criticisms of the alleged substandard care. Dr. Michelotti responded, also by letter, that the information had been provided. On June 24, 1987, the plaintiff appeared at the surgical steering committee meeting and again requested a written list of specific activities which constituted the grounds for the request for the corrective action. On July 24, 1987, the surgical steering committee met and recommended to the medical executive committee that plaintiff not be advanced to associate attending status, which in effect would result in his termination. The medical executive committee ratified the surgical steering committee's recommendation.

Pursuant to the defendant's bylaws, plaintiff requested a hearing before the *ad hoc* hearing committee. The committee is comprised of five members of the medical staff who have not "actively participated in the consideration of the adverse recommendation." Also pursuant to the bylaws, notice of the date, time, and place of the scheduled hearings, as well as the charges and the basis for the corrective action, was given to the plaintiff.

The bylaws set forth how the hearing is to be conducted, as well as the rights of the participants. An accurate record of the meeting is required, either by use of a court reporter, electronic recording unit, detailed transcription, or by the taking of adequate minutes. The medical executive committee appoints one of its members or some member of the medical staff, in this case, Dr. Michelotti, to represent it at

the hearing to present the facts in support of its adverse recommendation and to examine witnesses. Both parties have the right to call and cross-examine witnesses, to testify, and to introduce written evidence. However, the rules of evidence and examination of witnesses need not be strictly adhered to. Neither side is entitled to legal representation unless the *ad hoc* committee then permits both sides to be represented by counsel. Specifically, the bylaws provide:

> "The Hearing Committee may, without special notice, recess the hearing and reconvene the same for the convenience of the participants or for the purpose of obtaining new or additional evidence or consultation. Upon the conclusion of the presentation of oral and written evidence the hearing shall be closed. The Hearing Committee may thereupon, at a time convenient to itself, conduct its deliberations outside the presence of the practitioner for whom the hearing was convened."

In plaintiff's case, the *ad hoc* committee met nine separate times to hear evidence. The record of these hearings was reported by a court reporter. It is uncontested that the members of the *ad hoc* committee, hospital administrator, and the hospital attorneys met for dinner prior to each hearing. No record of these "dinners" was kept. During the course of the hearings, the committee would recess into what were referred to as executive sessions. Plaintiff and his attorney did not attend the dinner meetings or attend the executive sessions, nor was a record made of these executive sessions by a court reporter.

At the outset of the hearings, Dr. Lewis, chairman of the *ad hoc* committee, outlined the attorney's role as follows:

> "The role for counsel for both sides will be strictly advisory and counsel may not actively participate in the presenting of evidence, questioning of witnesses, or addressing the committee. On occasion, the chairman [may] invite counsel to address the committee. Accordingly, I would appreciate that counsel only address the committee with the permission of the chair."

Plaintiff voiced no objections to the dinners or executive sessions. However, at the last recorded session of the *ad hoc* committee, it was revealed that the medical executive committee's attorney, David Meyer, and one of his associates, Joan Rehm, had written Dr. Michelotti's opening and closing statements. According to plaintiff, he was unaware up until that point that the attorneys were representing both the *ad hoc* committee, as well as Dr. Michelotti, and he objected to the presence and participation of Mr. Meyer representing Dr. Michelotti in the *ad hoc* committee deliberations.

At the conclusion of their deliberations, the *ad hoc* committee recommended that plaintiff be advanced to associate attending, that his gastrointestinal endoscopy privileges be continued, and that he be required to obtain consultations on major surgery cases. The medical executive committee modified the *ad hoc* committee's recommendations by terminating his gastrointestinal endoscopy privileges pending further training. After subsequent unsuccessful appeals by the plaintiff to the board of managers, the restrictions and limitations were to be implemented on February 27, 1989.

On March 29, 1989, plaintiff filed a complaint against the defendant for injunctive relief, and a temporary restraining order was entered that same day. On April 6, 1989, the temporary restraining order was extended to April 18, 1989, but then stricken and dissolved on April 17, 1989. On April 13, 1989, an amended complaint was filed, and on April 18, 1989, a temporary restraining order issued based upon the amended complaint. Plaintiff's motion for a preliminary injunction was filed on April 4, 1989, and denied after a hearing on April 28, 1989. This interlocutory appeal, pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307), followed.

It has long been the rule in Illinois that a hospital's decision to appoint, revoke, or limit a physician's privileges is not subject to judicial review. (*Mauer v. Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 412-13.) The rationale behind this rule is that hospitals and medical staffs should be free to exercise their professional judgments in the selection and retention of medical staff members. (*Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49, 58.) The only exception to the rule of nonreview is that when a physician's existing staff privileges are revoked or reduced, a private hospital must follow its own bylaws in doing so or be subject to limited judicial review. *Rao v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis* (1986), 140 Ill. App. 3d 442, 456.

The plaintiff in this case is appealing from the denial of his request for a preliminary injunction. The purpose of a preliminary injunction is not to decide the controverted facts or merits of a case. A preliminary injunction is merely provisional in nature and concludes no rights, its office being merely to preserve the status quo until a final hearing on the merits. In order for a preliminary injunction to issue, the plaintiff must establish by a preponderance of the evidence that he possesses a right which needs protection, that irreparable injury will occur if the injunction is denied, that no remedy at law exists, and that the probability of success on the merits of the case exists. (*Rao*, 140 Ill. App. 3d at 456.) The decision to grant or deny a

preliminary injunction rests in the sound discretion of the trial judge, and appellate court review is restricted to a determination of whether the trial court correctly exercised its broad discretionary powers. *Rao*, 140 Ill. App. 3d at 456.

Plaintiff contends, first, that the trial court's findings of facts in support of the denial of preliminary injunctive relief were erroneous as a matter of law. Plaintiff complains as follows: (1) it was an abuse of discretion for the trial court to conclude that the "executive sessions" were "recesses" within the meaning of the bylaws; (2) that it was an abuse of discretion for the trial court to find that the final session of the *ad hoc* committee was not a hearing; (3) that plaintiff was deprived of his right to legal representation during parts of the *ad hoc* committee hearings; (4) that the presentation of evidence and testimony after the close of the hearing was a violation of the bylaws; and (5) the failure to keep an adequate record was a violation of the bylaws.

■ Except as to the first subpoint, plaintiff has not supported his argument with citation to authorities, in violation of Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)). Arguments which do not satisfy the requirements of Supreme Court Rule 341(e)(7) do not merit consideration on appeal. (*People v. Trimble* (1989), 181 Ill. App. 3d 355, 357; *Rockford Memorial Hospital v. Schueler* (1988), 167 Ill. App. 3d 358, 362.) Therefore, except for subpart (1), the remaining points are waived.

Plaintiff argues that the trial court's finding that the "executive sessions" of the *ad hoc* committee were "recesses" within the meaning of the bylaws is erroneous and constitutes an abuse of discretion. Plaintiff maintains that since the attorneys for the defendant and the medical executive committee were present at these executive sessions and gave their opinions as to whether the defendant's bylaws had been complied with, the ultimate question to be determined, the executive sessions were in fact part of the hearing. Therefore, the trial court erred in determining that the hearings were in recess during that time.

Defendant contends that plaintiff has waived any objection to the "executive sessions," citing *Rao v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis* (1986), 140 Ill. App. 3d 442. In that case, Dr. Rao agreed to proceed to an immediate hearing despite ample opportunity to have the hearing postponed until after he had reviewed the charts in question. He later alleged that the acts or omissions with which he was charged were not stated in concise language and that he did not receive a list of the specific or rep-

resentative charts being questioned. The appellate court held that the trial court did not abuse its discretion in finding that Dr. Rao acquiesced in the decision of the *ad hoc* committee to proceed with the hearing as convened. The appellate court stated:

"Displeased with the review of his suspension, he [Dr. Rao] will not, after having assured the committee that to proceed was agreeable to him, be heard to say that he was prejudiced by the defendant's failure to provide him in advance of the hearing with the charts being questioned of the defendant's failure otherwise to abide by this provision of its bylaws." 140 Ill. App. 3d at 458.

Plaintiff argues in response that before such a waiver can be found, there must be knowledge of the existence of the right and an intent to relinquish it. *Lapidot v. Memorial Medical Center* (1986), 144 Ill. App. 3d 141; *Northern Trust Co. v. Oxford Speaker Co.* (1982), 109 Ill. App. 3d 433.

■ Generally the defense of waiver applies when a party intentionally relinquishes a known right or *his conduct warrants an inference of such relinquishment.* (*Northern Trust Co.*, 109 Ill. App. 3d at 438.) In this case, plaintiff was present at each session when the committee went into "executive session." He never requested that he and/or his attorney be permitted to participate in any of the executive sessions. Moreover, the record does not support plaintiff's argument that he and his attorney were somehow affirmatively prevented from attending these sessions. Neither plaintiff nor his attorney ever voiced an objection to the "executive sessions." We note that at one point, plaintiff invited the committee to meet in "executive session" to discuss a suggestion he had made.

■ Plaintiff also argues that he cannot waive a right he did not know he possessed. The allegation plaintiff makes is that the "executive sessions" were in contradiction of the bylaws. Plaintiff does not allege that he was unaware of the provisions of the bylaws at the time of the *ad hoc* committee hearings or that he was somehow prevented from becoming familiar with their contents. Moreover, the record reflects that plaintiff had already been sent a summary of the procedures under the bylaws on July 21, 1987, months before the *ad hoc* committee hearings. A review of the summary of the procedure reveals it to be just that, a summary, and plaintiff cannot be heard to say he was misled by the content of that document. Clearly there was more than ample opportunity for plaintiff to familiarize himself with the bylaws and the procedures that governed his hearing before the *ad hoc* committee. Plaintiff cannot claim to be unaware of his rights

under the bylaws simply by failing to avail himself of the opportunity to familiarize himself with that document.

We conclude, therefore, that plaintiff was aware or should have been aware of his rights under the bylaws and, by his conduct in failing to object to the "executive sessions," waived any violation of the bylaws in that regard by the *ad hoc* committee. See *Adkins v. Sarah Bush Lincoln Health Center* (1987), 158 Ill. App. 3d 982, 987, *aff'd* (1989), 129 Ill. 2d 497.

Next, plaintiff contends that defendant's *ad hoc* committee failed substantially to comply with the bylaws during its meetings. Again, plaintiff has failed to cite any authority to support his argument, and we hold that it is waived. *Trimble*, 181 Ill. App. 3d at 357; *Rockford Memorial Hospital*, 167 Ill. App. 3d at 362.

Next, plaintiff contends that he did not waive any objections to the defendant's failure to abide by the provisions of its bylaws. Specifically, plaintiff argues that he could not knowingly waive his right to the presence of his attorney present and participating at the "executive sessions" because he did not know until the ninth or final recorded session of the hearings that attorney David Meyer was representing both Dr. Michelotti, the medical executive committee representative, and the *ad hoc* committee. At that time, plaintiff did object to Mr. Meyer's presence and participation in this dual role.

The rule in Illinois is that words of corporate bylaws are to be interpreted in their ordinary popular sense. (*Maimon v. Sisters of the Third Order of St. Francis* (1983), 120 Ill. App. 3d 1090, 1096.) In *Maimon*, the appellate court reversed an order permanently enjoining the religious order from expelling Dr. Maimon from the staff of St. Anthony's Hospital. The permanent injunction had been granted based in part upon a violation of the hospital bylaws which excluded participation on a hearing committee by any staff member who had "actively participated" in the formation of the charges against the individual sought to be discharged. The evidence showed that Dr. Zenisek, who was a member of the credentials committee that brought the charges against Dr. Maimon, was also a member of the *ad hoc* committee which reviewed the recommendation. The appellate court found that Dr. Zenisek's dual role was not violative of the bylaws because he was a member *ex officio* of the credentials committee without a vote, and his participation in the hearings before the credentials committee was limited to procedural questions and answers. Thus, the appellate court found that Dr. Zenisek had not "actively participated" in the credentials committee hearings and was, therefore, not barred from membership on the *ad hoc* committee.

We are of the opinion that the same approach is called for here. The bylaws provide that neither party may be represented by legal counsel at any phase of the hearing unless both sides are represented. Plaintiff argues that the bylaws were violated when David Meyer, representing Dr. Michelotti, was present during the executive sessions, while plaintiff's attorney was not.

Defendant argues that the record reflects that the attorney gave advice only in regard to procedural and technical matters. Plaintiff does not disagree with the characterization of the advice but argues that defendant is attempting to rewrite the bylaws to provide an exception for procedural matters to the rule that both sides must be represented.

■ Black's Law Dictionary 676 (abridged 5th ed. 1983) defines "represent" as "to speak or act with authority on behalf of such a person." There is no indication in the record that Mr. Meyer or any of the attorneys from his office who participated in the executive sessions were acting as advocates during these "executive sessions," and, thus, their participation at those meetings was not in violation of the bylaws (compare *Maimon*, 120 Ill. App. 3d at 1097). We are puzzled by plaintiff's claims that he was misled by the fact that Mr. Meyer's role as Dr. Michelotti's attorney was not revealed to him at the very beginning. It appears that plaintiff assumed Mr. Meyer was representing the *ad hoc* committee. Yet, the fact that plaintiff was permitted to be represented by legal counsel should have indicated to plaintiff that Dr. Michelotti was also being represented. Since Mr. Meyer was the only other attorney participating (except, of course, plaintiff), plaintiff should have been alerted to the situation and made the appropriate inquiries at the commencement of these hearings. The fact that plaintiff, in addition to being a licensed physician, is also a licensed attorney at law makes his failure to inquire into the nature of Mr. Meyer's participation in the hearings even more surprising.

Plaintiff also argues that since he was unaware that no record was being kept of the executive sessions, he cannot be said to have knowingly waived his right under the bylaws to have these sessions recorded by failing to object.

■ As we have previously stated, there is no evidence in the record that plaintiff was unfamiliar with the provisions of the bylaws or was somehow prevented by the defendant from learning of its provisions. We note that the hearings were transcribed by a court reporter. When the committee went into executive sessions, the court reporter, as well as the plaintiff and his attorney, left the room. Although, as plaintiff points out, the bylaws provide for several means of recording

the hearings, we disagree with plaintiff's conclusion that this does not support a finding that he knew the sessions were not being recorded. At the very least, the absence of the court reporter from the "executive sessions" should have prompted plaintiff to inquire as to whether the "executive session" was being recorded and by what means.

Plaintiff further argues that he was given no opportunity to object to the bylaw violations which occurred during the final, unrecorded deliberation session since he was not invited or aware of that meeting until the *ad hoc* committed had acted.

■■ We have previously pointed out the record reflects that the role of the attorney for Dr. Michelotti and the committee was limited to advice on procedural matters. There is no indication that the attorney acted as an advocate in either the "executive sessions" or in the deliberation session. Since the plaintiff was entitled to have his fate determined in accordance with defendant's bylaws, the fact that the attorney's advice enabled the committee to render a decision in accordance with those bylaws was to plaintiff's benefit. Further, although plaintiff complains that no record was kept of the deliberation session, the record reflects that the committee members took notes from which a written report was prepared. Since the bylaws provide for this method of recordkeeping, plaintiff's complaint has no merit.

We conclude, therefore, that since the alleged violations of defendant's bylaws did not occur, there is no merit to plaintiff's argument.

Finally, plaintiff contends that it was an abuse of discretion on the part of the trial court to deny plaintiff's request for a preliminary injunction.

■■ Any private hospital action which does not violate its bylaws is beyond the scope of judicial review. (*Knapp v. Palos Community Hospital* (1984), 125 Ill. App. 3d 244, 259.) Since we have concluded that defendant's bylaws were not violated or compliance with them was waived, plaintiff has not established the likelihood of success on the merits of his case. Thus, the trial court did not abuse its discretion in denying the petition for a preliminary injunction. *Knapp*, 125 Ill. App. 3d at 259.

■■ Assuming, *arguendo*, that the violations of the bylaws alleged by plaintiff had occurred, the violations must be substantial to require judicial intervention. (*Lapidot*, 144 Ill. App. 3d at 148-49; *Knapp*, 125 Ill. App. 3d at 258-59.) A hospital's determination to restrict or revoke staff privileges will only be remanded for compliance with the hospital's bylaws if the plaintiff can show unfairness in the proceedings or that the violations prejudice the plaintiff. *Rao*, 140 Ill. App. 3d at 456.

The decision of the medical executive committee was to refuse to advance plaintiff to associate attending staff which in effect terminated plaintiff's privileges at the hospital. The decision of the *ad hoc* committee was to permit plaintiff's advancement under certain requirements. Plaintiff has failed to show that the proceedings were unfair or biased against him.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.