THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. MICHAEL T. WEBBER, Petitioner-Appellant.

Third District   No. 3—92—0029

Opinion filed September 8, 1992.

Michael T. Webber, of Springfield, appellant *pro se.*

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The petitioner, Michael T. Webber, pled guilty to armed violence (Ill. Rev. Stat. 1991, ch. 38, par. 33A—2). He was sentenced to a 10-year prison term. Webber's sentence was to be served consecutively to an 87-month Federal penitentiary sentence. Webber had been previously convicted in Federal court of the offense of knowingly distributing cocaine.

Webber subsequently filed a petition for a writ of *habeas corpus.* The trial court dismissed Webber's petition. He appeals. We affirm.

The pertinent facts are as follows: Michael Webber is currently confined in the Federal penitentiary in Leavenworth, Kansas. On April 8, 1988, Webber was charged in Tazewell County, Illinois, with armed violence, unlawful possession of a controlled substance with the intent to deliver, and unlawful use of weapons.

On September 22, 1988, while Webber was out on bond in the Tazewell County case, he was arrested by Federal authorities for knowingly distributing cocaine. He was subsequently convicted of this offense in Federal court. On August 22, 1989, he was sentenced to an 87-month prison term.

Following his Federal conviction, Webber was returned to the Tazewell County jail because his State charges were still pending. On October 16, 1989, Webber pled guilty in the circuit court of Tazewell County to the offense of armed violence in exchange for the State dismissing the two remaining charges. Webber was then sentenced to a 10-year prison term which was to be served consecutive to the previously imposed Federal sentence.

According to Webber, he spent the night of October 16, 1989, in the Tazewell County jail and a short time the next day in the Peoria County jail. On October 17, 1989, one day after sentencing in Tazewell County, Webber was surrendered to Federal authorities.

Thereafter, the State of Illinois lodged with Federal authorities a detainer against Webber. In his petition for *habeas corpus*, Webber sought removal of the detainer.

On appeal, Webber contends that reversible error occurred when the trial court dismissed his petition for *habeas corpus*. Webber argues that he is entitled to removal of the detainer because the State of Illinois voluntarily relinquished custody over him when they returned him to Federal authorities. We disagree with Webber's faulty logic.

Section 3—8—9 of the Unified Code of Corrections (Code) contains the procedure for trying defendants charged with offenses in more than one State. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—9.) "State" is defined in the Code to include the United States of America. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—9, Art. II(a).) The Code further provides that in the case of a Federal prisoner, a receiving State is entitled to temporary custody so that the prisoner can be tried in that State. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—9, Art. V(a).) Lastly, the Code provides:

"(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner *shall be returned* to the sending state.

\*\*\*

(g) For all purposes *other than that for which temporary custody* as provided in this agreement *is exercised,* the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—9, Articles V(e), (g).

In the instant case, Webber was sentenced to a Federal prison term on August 22, 1989, and he was committed to the custody of the Attorney General of the United States. Thereafter, Webber was merely placed in the *temporary* custody of the State of Illinois until he was sentenced in Tazewell County on October 16, 1989.

Pursuant to the Code, the State of Illinois, following disposition of the Tazewell County case, was *required* to return Webber to the custody of the United States Attorney General. Therefore, contrary to Webber's claim, the State of Illinois did not *voluntarily* relinquish custody over him when it returned him to Federal custody. Webber was actually in Federal custody, and Illinois only had *temporary* custody of Webber pending disposition of the State charges.

Additionally, we note that in all of the cases cited by Webber, the defendant was *first* convicted by a State and was already serving his State sentence. Also, in the cases he cited, the State, *before* the ex-

piration of the defendant's sentence, voluntarily released the defendant to another State or to the Federal authorities for prosecution. Accordingly, the courts held that the first State had thereby waived jurisdiction or had effectively given the defendant a pardon. Therefore, based on the cases cited by Webber, the State cannot seek a defendant's return to serve the balance of his sentence. See, *e.g.*, *Thompson v. Bannan* (6th Cir. 1962), 298 F.2d 611.

We agree with the logic of the cases cited by Webber. However, we find that they have a different factual basis than the case at bar. Therefore, Webber's reliance on these cases is misplaced.

In the instant case, Webber was detained in the Illinois jails for *only one day* following his sentencing in State court. The day after sentencing, he was transferred to the custody of Federal authorities. Thus, the Illinois authorities merely held Webber in *temporary* custody until Federal authorities could claim him. Accordingly, we find that Webber had *not* started serving his sentence in Illinois before he was surrendered to Federal authorities.

Webber, in his final issue, claims that the State of Illinois has deprived him of privileges which he would have been entitled to if he was not serving his Federal sentence subject to the State detainer. However, Webber does not specify what privileges he may have lost.

Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) states that the appellant's brief must include the reasons which support his contentions. Moreover, both a court of review and the appellee are entitled to have the issues clearly defined in the appellant's brief. (See *People v. Trimble* (1989), 181 Ill. App. 3d 355, 537 N.E.2d 363.) Arguments that do not meet the requirements of Rule 341(e)(7) are deemed waived. (*Trimble*, 181 Ill. App. 3d at 357, 537 N.E.2d at 364.) Accordingly, we find that Webber has waived the final issue because he did not cite any reasons in support of his contention.

For the reasons indicated, the order of the circuit court of Tazewell County dismissing the petition for writ of *habeas corpus* is affirmed.

Affirmed.

HAASE and STOUDER, JJ., concur.