NO. 3--97--0043

                                                                 

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

ROCK ISLAND COUNTY SHERIFF ) Appeal from the Circuit Court 

MICHAEL GRCHAN and ROCK ISLAND  )  of the 14th Judicial Circuit,

COUNTY,    )  Rock Island County, Illinois

  )

Plaintiffs-Appellants,  )

    )

v.  ) No. 96--MR--215

  )

ILLINOIS STATE LABOR RELATIONS  )

BOARD; ILLINOIS FRATERNAL  )

ORDER OF POLICE LABOR COUNCIL;  ) 

and MICHAEL HUFF,  ) Honorable

  ) Martin Conway

Defendants-Appellees.  ) Judge, Presiding

                                                                   
 

JUSTICE BRESLIN delivered the opinion of the court:

                                                                  

Plaintiff Michael Grchan, the Sheriff of Rock Island County, appeals the trial court's denial of his motion for a preliminary injunction.  That motion sought an order enjoining the Illinois State Labor Relations Board (Board) from commencing a hearing on unfair labor practice claims brought against the Sheriff by defendant Illinois Fraternal Order of Police Labor Council (Union) on behalf of itself and defendant Michael Huff, an officer under the Sheriff's command.  The court denied the motion, finding that the Sheriff failed to establish any of the necessary criteria to justify a preliminary injunction.  For the reasons which follow, we affirm.

This case involves a long dispute among parties who have accused one another of repeated misconduct, discrimination and retaliation.  First, the Union filed an unfair labor practice charge against the Sheriff alleging that he violated the Illinois Public Labor Relations Act (IPLRA) (5 ILCS 315/1 
et
 
seq.
 (West 1996)) when he retaliated against Huff with a reprimand and two suspensions after Huff was successful in asserting a grievance against the Sheriff.   

Shortly thereafter, the Sheriff filed a complaint with the Sheriff's Merit Commission.  In the complaint, the Sheriff alleged that Huff failed to properly investigate a domestic disturbance three months earlier.  Huff was suspended without pay, and after a hearing the Commission entered an order discharging Huff.  Huff filed for a review of the decision.  On review, the court found that the Commission acted unreasonably and/or arbitrarily when it discharged Huff, and the court remanded the case back to the Commission for it to consider a different sanction. 
Huff v. Rock Island County Sheriff's Merit Commission
, No. 96--MR--28 (Cir. Ct. Rock Isl. Co.).
  

The Union then filed a second unfair labor practice charge against the Sheriff and claimed that he violated the IPLRA by initiating the proceedings against Huff in retaliation for the Union's first charge.  After an investigation, the Board consolidated the two charges and issued a complaint. 

The Sheriff filed a petition for a writ of prohibition against the Board in the circuit court to prevent it from initiating a hearing.  The Sheriff argued that the Union was impermissibly attempting to circumvent the Sheriff's Merit System Law (55 ILCS 5/3--8001 
et
 
seq.
 (West 1996)), and that the writ should be granted because holding a hearing on the matter was beyond the authority of the Board.  Because a ruling was not expected on the Sheriff's complaint before the Board held a hearing, the Sheriff filed a motion for a preliminary injunction.  The trial court denied the motion finding that none of the criteria necessary to award a preliminary injunction had been established.  The Sheriff appeals.

The sole issue on appeal is whether the court abused its discretion when it denied the Sheriff's request for a preliminary injunction.

A preliminary injunction is an extraordinary remedy, which is warranted only in the most urgent of circumstances when serious harm will result if an injunction is not issued. 
Hartlein v. Illinois Power Co.
, 151 Ill. 2d 142, 601 N.E.2d 720 (1992).
  In order to obtain a preliminary injunction, a party must demonstrate: (1) a clearly ascertainable right in need of protection; (2) the risk of irreparable harm absent the injunction; (3) the lack of any adequate legal remedy; and (4) the likelihood of success on the merits. 
Hartlein
, 151 Ill. 2d at 156, 601 N.E.2d at 726-27.
  The failure to establish any of the four factors will preclude the court from issuing an injunction. 
Hartlein
, 151 Ill. 2d at 156, 601 N.E.2d at 726.
  The trial court's decision to grant or deny a preliminary injunction will not be disturbed absent an abuse of discretion. 
Desnick v. Department of Professional Regulation
, 171 Ill. 2d 510, 665 N.E.2d 1346 (1996).
  

Turning to the prerequisites for a preliminary injunction, the Sheriff argues that he will suffer irreparable harm in the form of the dilution of his command authority, which in turn will lead to an inefficient operation in his office and imperil the citizens of Rock Island County.  The Sheriff contends that allowing the Board to proceed will increase the "probability" that his officers will engage in misconduct. 

The Sheriff's contention that allowing the Board to hear this case will endanger the citizens of Rock Island or result in irreparable harm to himself is pure speculation.  But, even if the Sheriff is correct in his prophecy that there is a "probability" that officers will engage in misconduct if the Board is permitted to investigate the matter, these acts of misconduct can be adequately addressed through disciplinary channels.  Because the present case does not require an extraordinary remedy to avoid serious harm, we hold that the trial court did not abuse its discretion when it denied the Sheriff's request for a preliminary injunction.       

In light of the above holding, we need not address the remaining factors.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.            

HOMER and MICHELA, JJ., concur.