THE PEOPLE *ex rel.* LEONARD A. SHERMAN, Director of the Department of Professional Regulation, Plaintiff-Appellant, v. YVONNE CRYNS, Defendant-Appellee.

Second District    No. 2—00—1235

Opinion filed May 7, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Diane M. Potts, Assistant Attorney General, of counsel), for appellant.

James T. Harrison, of Harrison Law Offices, P.C., of Woodstock, for appellee.

JUSTICE RAPP delivered the opinion of the court:

The State appeals from the order of the circuit court of McHenry County denying its request for a preliminary injunction seeking to enjoin defendant, Yvonne Cryns, from engaging in the practice of nursing and/or midwifery. We vacate and remand.

The record indicates that on April 7, 2000, the Department of Professional Regulation (the Department) issued a cease and desist order, ordering Cryns to cease and desist the practice of nursing and midwifery, under the authority of the Nursing and Advanced Practice Nursing Act (the Act) (225 ILCS 65/5—1 *et seq.* (West 1998)). Cryns has sought administrative review of the Department's cease and desist order, which was pending in McHenry County at the time the parties filed their brief in this case.

On October 3, 2000, the Department filed a verified complaint for injunctive and other relief and a motion for the entry of a temporary restraining order to prohibit Cryns from violating the cease and desist order and to enjoin her from engaging in the practice of midwifery and/or nursing. Cryns was served with copies of these documents on October 4, 2000.

The Department's complaint for injunctive relief alleged that Cryns violated the cease and desist order and engaged in the practice of nursing without a license when she attended the home birth of Spencer Verzi on August 19, 2000. The complaint further alleged that Spencer died after being born in a breech position. It is undisputed that Cryns does not have a license to practice nursing in Illinois. The complaint sought, *inter alia*, a preliminary injunction against Cryns.

On October 5, 2000, the trial court granted the Department's mo-

tion for a temporary restraining order. On October 13, 2000, Cryns filed a motion to vacate the temporary restraining order.

A hearing was held on the Department's request for a preliminary injunction on October 13, 2000. Louis Verzi testified concerning Cryns's assistance in the home birth of his son, Spencer Verzi. The delivery was videotaped. The trial court admitted the videotape into evidence but did not view the tape prior to making its determination. The State also called Cryns to testify. However, Cryns invoked her fifth amendment (U.S. Const., amend. V) privilege against self-incrimination because of criminal charges pending against her as a result of Spencer Verzi's death.

The State rested its case, and Cryns moved for a directed finding. The trial court denied the Department's request for a preliminary injunction, finding that the State had not met its burden in presenting evidence to establish a violation of the Act. The trial court reasoned:

"I am not a doctor. I am not a nurse. I am not the Department of Professional Regulation. I do not know what it is that—there is no evidence, there is no opinion that whatever occurred was the practice of nursing, the practice of midwifery, and I don't believe it is—at this point that they have established that there was a violation of the cease and desist order for the purpose for this court to enter a preliminary injunction at this stage.

Whether they can establish that at another point, I don't know, but the evidence presented today is not sufficient to do that ***."

The trial court then granted Cryns's motion for a directed finding on the State's request for a preliminary injunction and also granted Cryns's motion to dissolve the temporary restraining order, but stayed the order subject to an interlocutory appeal. The Department filed its notice of appeal on October 20, 2000.

■ Cryns argues that this court lacks jurisdiction over the Department's appeal of the dissolution of the temporary restraining order. We agree with Cryns that Supreme Court Rule 307(d) (188 Ill. 2d R. 307(d)) provides that a notice of appeal from the granting or denial of a temporary restraining order must be filed within two days of the entry of the order. The Department did not appeal the trial court's dissolution of the temporary restraining order. Rather, the Department appeals from the denial of a preliminary injunction, which is controlled by Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)). Rule 307(a) provides that a notice of appeal from the granting or denial of an injunction must be filed within 30 days from the entry of the order. Cryns incorrectly asserts in her brief that the Department did not file its notice of appeal until November 20, 2000, 35 days after the entry of the order denying the injunction. The record is clear that

the trial court denied the Department's request for a preliminary injunction on October 13, 2000, and the Department filed its notice of appeal one week later, on October 20, 2000. Therefore, the Department timely appealed, and this court has jurisdiction over the appeal pursuant to Supreme Court Rule 307(a).

■■ On appeal, the Department argues that the trial court erred in denying its request for a preliminary injunction. In order to obtain a preliminary injunction, the plaintiff must establish by a preponderance of the evidence (1) that he possesses a right that needs protection, (2) that irreparable injury will occur if the injunction is denied, (3) that no remedy at law exists, and (4) that there exists a probability of success on the merits of the case. *Chessick v. Sherman Hospital Ass'n*, 190 Ill. App. 3d 889, 894 (1989). In *Chessick*, this court explained:

> "The purpose of a preliminary injunction is not to decide the controverted facts or merits of a case. A preliminary injunction is merely provisional in nature and concludes no rights, its office being merely to preserve the status quo until a final hearing on the merits." *Chessick*, 190 Ill. App. 3d at 894.

The trial court's decision to grant or deny a preliminary injunction will not be disturbed on review absent an abuse of discretion. *Grchan v. Illinois State Labor Relations Board*, 291 Ill. App. 3d 571, 573 (1997).

Both parties agree that the central issue in this case is whether Cryns was engaged in the practice of nursing on August 19, 2000. The Department argues that the videotape admitted into evidence establishes that Cryns was practicing nursing when she helped deliver Spencer Verzi. However, as pointed out by the Department, the trial court failed to view the videotape before making its ruling.

■ It is well settled that, once evidence is admitted in a case, it is available for all purposes, and every party is entitled to the benefit of all the evidence, whether produced by him or his adversary. See *Morris v. Central West Casualty Co.*, 351 Ill. 40, 47 (1932); see also *Dudanas v. Plate*, 44 Ill. App. 3d 901, 909 (1976). Just as a jury is instructed that, in determining whether any proposition has been proved, it should "consider all of the evidence bearing on the question without regard to which party produced it" (see Illinois Pattern Jury Instructions, Civil, No. 1.02 (3d ed. 1995)), the trial court, as the finder of fact, is also obligated to "consider all of the evidence." We therefore determine that the trial court abused its discretion in ruling on the Department's request for a preliminary injunction without viewing the videotape that it had admitted into evidence.

Accordingly, we vacate the trial court's order of October 13, 2000,

and remand this cause for the court to consider all of the evidence offered, including the videotape. In vacating the order and remanding this cause, we do not mean to suggest that the videotape provides sufficient proof entitling the Department to injunctive relief; we simply hold that the trial court erred in not considering this evidence once it was admitted.

For the foregoing reasons, the order of the circuit court of McHenry County denying the Department's motion for a preliminary injunction is vacated, and the cause is remanded.

Order vacated; cause remanded.

McLAREN and GROMETER, JJ., concur.