COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


TIMOTHY TODD BUCH

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1833-07-4                      JUDGE WILLIAM G. PETTY
                                                       MARCH 25, 2008
LAURA JEANNE BUCH


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Gaylord L. Finch, Jr., Judge

           Richard F. MacDowell, Jr. (MacDowell & Associates, P.C., on
           brief), for appellant.

           Harold T. Hughlett (Kimberly Ann Murphy; Hale Carlson Penn,
           PLC, on brief), for appellee.


       Timothy Todd Buch (husband) appeals the final divorce decree of the trial court in his

divorce from Laura Jeanne Buch (wife).  On appeal, husband challenges several of the trial court's

rulings on matters concerning child and spousal support and equitable distribution.[1]  As explained

below, we affirm.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Specifically, husband presents the following questions on appeal:  (1) was the trial
court's determination of wife's income contrary to evidence presented at trial; (2) was the trial
court's award of spousal support contrary to the evidence of wife's need and husband's ability to
pay; (3) was the trial court's award of spousal support for an indefinite duration an abuse of
discretion based upon the evidence presented; (4) was the trial court's lump sum award of
one-half of husband's annual leave incorrect as a matter of law; (5) did the trial court abuse its
discretion by ordering husband to pay one-half of children's extracurricular expenses when these
expenses had previously been considered by the court in the support award; (6) was it error for
the trial court to award the wife more than one-half of the marital share of the husband's pension
benefits; and (7) was it an abuse of discretion to refuse to consider the tax consequences factor
under Code § 20-108.1 in the trial court's denial of husband's request for a child's tax
exemption?

## I. BACKGROUND

On appeal, we view the evidence in the light most favorable to wife, the prevailing party below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). Husband and wife were married in 1985 and separated in September 2005. They have two minor children. The trial court granted the parties a divorce on the ground of having lived separate and apart for more than one year without interruption or cohabitation. The trial court determined that a 50% division of all marital property was appropriate. Among these assets were two residences, husband's pension, and husband's annual leave.

The parties disagreed over whether wife should receive spousal support and, if so, in what amount, and for what duration. The trial court awarded spousal support to wife in the amount of $2,000 per month for an indefinite duration. The trial court determined that wife had custody of the children 74.5% of the time and husband had the children 25.5% of the time. Based upon the parents' income and Virginia's child support guidelines, the trial court imposed monthly payments of $883. In addition, the court ordered that "the children's extra curricular activities and camps, agreed to by the parties, shall be paid by the parties' equally, and not on a pro rata basis as requested by [wife], as these expenses were considered by the Court in its spousal support ruling." Wife was given the annual tax exemptions and deductions for the children.

Husband appeals.

## II. ANALYSIS

### A. Spousal Support and Children's Extracurricular Expenses

#### Spousal Support

For purposes of awarding spousal support, husband contends that the trial court's determination of wife's income and need and husband's ability to pay was contrary to the

evidence presented at trial.  Moreover, he argues that the trial court's award of spousal support for an indefinite duration was an abuse of discretion based upon the evidence presented.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

The trial court awarded wife spousal support of $2,000 per month.  In making this spousal support award, the trial court considered the statutory factors in Code § 20-107.1(E). The trial court explained that it arrived at this figure by establishing wife's base salary as a teacher and determining that her base income would be supplemented "by some amount of tutoring."[2]  Aditionally, the trial court considered the standard of living established during the marriage and found that "[wife] cannot approximate her marital lifestyle without spousal support." See Miller v. Miller, 44 Va. App. 674, 684-86, 607 S.E.2d 126, 131-32 (2005).  The trial court also found that "[wife's] monetary and nonmonetary contributions combined were at least as substantial as [husband's] income and her flexibility in career choice allowed him the ability to focus on his job."

The trial court complied with Code § 20-107.1 by considering the statutory factors and making appropriate findings identifying the factors supporting the spousal support award.

---

[2] The trial court averaged income wife derived from tutoring for the prior three years and added this amount to her base salary as a teacher for a total income of $67,467.  The trial court did not include income wife made from the children's clubs because it "[was] never a form of consistent income."  It found that husband earned $160,800 a year.

Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007).  We determine that the trial court's findings and conclusion did not constitute an abuse of discretion.

Children's Extracurricular Expenses

Husband contends the trial court abused its discretion by ordering him to pay half of the children's "unspecified" extracurricular expenses when the court had already considered these expenses when arriving at wife's spousal support award.  This argument is without merit.

Husband overlooks the critical language contained in the trial court's order providing that any activity must be "agreed to by the parties."  Therefore, he will not be subject to pay half of *any* activity unless he agrees to the activity.  Moreover, wife had requested that husband pay a greater share of the children's expenses.  Thus, the trial court's reference to the spousal support award merely explained why the parties would be equally responsible for the expenses.

B.  Equitable Distribution

When reviewing an equitable distribution award on appeal, we will not reverse the decision of the trial court "unless it is plainly wrong or without evidence to support it."  Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003).  The amount and form of any equitable distribution award "are matters committed to the sound discretion of the trial court."  Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 248 (1998).

A trial court must follow three steps in making an equitable distribution of property.  First, the trial court "must classify the property as either separate or marital.  The court must then assign a value to the property based upon evidence presented by both parties.  Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)."  Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991); see also Code § 20-107.3(A).

In making its valuation findings, the trial court "must determine from the evidence that value which represents the property's intrinsic worth to the parties upon dissolution of the marriage." Bosserman v. Bosserman, 9 Va. App. 1, 6, 384 S.E.2d 104, 107 (1989). Because of the fact-specific nature of valuation, "we give great weight to the findings of the trial court." Howell v. Howell, 31 Va. App. 332, 339, 523 S.E.2d 514, 518 (2000). "We affirm if the evidence supports the findings and if the trial court finds a reasonable evaluation . . . ." Russell v. Russell, 11 Va. App. 411, 415-16, 399 S.E.2d 166, 168 (1990). The parties bear the burden of providing the trial court with sufficient evidence from which it can value their property. Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988).

## Husband's Annual Leave

Husband asserts the trial court erred as a matter of law by granting wife a lump sum award of one-half of his accumulated annual leave. He argues that the trial court erred both in valuing the asset and in distributing it to wife prior to husband actually realizing the asset. Because husband did not provide us with a legal basis for his argument, we do not address this issue. Rule 5A:20(e).

Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Here, husband's brief fails to comply with Rule 5A:20(e) because it solely relied on unpublished legal opinions as authority.[3] Moreover, husband failed to present any legal argument predicated on the legal analyses in these opinions, relying instead on conclusory statements. "'Statements unsupported by argument, authority, or citations to the

---

[3] An unpublished opinion of this Court is not "to be cited or relied upon as precedent except for the purpose of establishing *res judicata*, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987) (*en banc*) (per curiam).

record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)).

While the issue of whether accrued leave time is a marital asset capable of equitable distribution has not been addressed by a published appellate opinion in Virginia, it is not a novel legal question. Courts of other states have addressed this issue, and both their legal rationales and their conclusions are divided. In their analyses, those courts have both analogized and contrasted accrued annual leave to pension or retirement benefits and alternative wages.[4] Despite an abundance of potentially persuasive legal analysis and authority, husband did not provide us the critical legal link between the question he presents and the conclusion he wishes us to reach. We cannot fashion a remedy for husband out of whole cloth:

> A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [husband's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal.

People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted).[5]

---

[4] Some of these jurisdictions include: Schober v. Schober, 692 P.2d 267, 268 (Alaska 1984); Guillen v. Guillen, 751 So. 2d 1270 (Fla. 3d DCA 2000); Bratcher v. Bratcher, 26 S.W.3d 797, 800-01 (Ky. Ct. App. 2000); Akers v. Akers, 729 N.E.2d 1029, 1033 (Ind. Ct. App. 2000); Thomasian v. Thomasian, 556 A.2d 675 (Md. App. 1989); Lesko v. Lesko, 457 N.W.2d 695, 699 (Mich. Ct. App. 1990), overruled on other grounds by Booth v. Booth, 486 N.W.2d 116, 119 (Mich. Ct. App. 1992); Ryan v. Ryan, 619 A.2d 692, 696 (N.J. Super. Ct. Ch. Div. 1992); Grund v. Grund, 573 N.Y.S.2d 840, 844 (N.Y. Sup. Ct. 1991); In re Marriage of Williams, 927 P.2d 679 (Wash. Ct. App. Div. 3 1996).

[5] This Court frequently cites Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239, for the proposition that a party violates Rule 5A:20(e) when it fails to present a legal argument to this Court. Buchanan cites Holmstrom v. Kunis, 581 N.E.2d 877, 882 (Ill. 1991), for this principle,

<u>Husband's Pension Benefits</u>

Husband contends the trial court abused its discretion in dividing his Federal Employees Retirement System pension with wife.[6]

Because husband failed to develop or support this argument in his brief, it constitutes little more than a bare assertion, and for the reasons just discussed, we will not address it. <u>See</u> Rule 5A:20.

## C. Child's Tax Exemption

Husband contends the trial court erred in failing to grant him a tax exemption for one of the parties' children. Wife asserts, however, that husband waived the right to raise this issue because he failed to timely and properly present the request to the trial court for disposition. We agree with wife.

The record reveals that husband failed to request the tax exemption until after the trial court rendered its letter opinion. Only at this point did husband's attorney request that the court consider granting husband the exemption. When the trial court denied the request and explained the ruling on the record, husband's attorney did not object to the ruling. Husband is foreclosed from raising this issue on appeal. Rule 5A:18. Moreover, husband failed to develop or support this argument in his brief, and we need not address it. <u>See</u> Rule 5A:20.

## D. Attorney's Fees

Wife is seeking an award of attorney's fees and costs incurred in connection with this appeal. We have held:

---

which in turn relies on <u>Trimble</u>, 537 N.E.2d at 364. Thus, this rationale is implicated in our prior decisions.

[6] Wife's counsel cited a prior decision of our Court that rejected a similar argument set forth by husband's counsel. <u>See</u> <u>McGinnis v. McGinnis</u>, 49 Va. App. 180, 187, 638 S.E.2d 697, 700 (2006).

The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Applying these principles here, we hold that wife is entitled to a reasonable amount of attorney's fees because the majority of husband's questions presented were unsupported by any legal argument or were otherwise without merit. Thus, we remand this case to the trial court for the imposition of an award of attorney's fees to wife.

### III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court. We remand the case, however, for the limited purpose of determining the amount wife should be awarded for attorney's fees she incurred with this appeal.

Affirmed.