**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000568
13-DEC-2023
07:56 AM
Dkt. 98 SO**

NO. CAAP-22-0000568

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

A.S. and on behalf of a minor,
Petitioner-Appellee,
v.
R.L., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-DA NO. 3DA221000128)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Self-represented Respondent-Appellant R.L. (**Father**) appeals from the Order for Protection (**Order**), entered on August 29, 2022, in the Family Court of the Third Circuit (**Family Court**).[1] Following an evidentiary hearing, the Family Court enjoined Father from, among other things, threatening, abusing, or contacting Petitioner-Appellee A.S. (**Mother**) and their minor child (**Child**) for a period of approximately ten years, pursuant to Hawaii Revised Statutes (**HRS**) § 586-5.5 (Supp. 2021).

On appeal, Father appears to contend that the Family Court abused its discretion or otherwise erred in: (1) issuing the Order absent any evidence that the Child "was at risk of imminent harm"; (2) acting with "obvious bias" during the hearing by, among other things, "dismiss[ing]" or failing to acknowledge Father's "valid objections"; (3) failing to view social media videos admitted into evidence; (4) failing to allow Father to

---

[1] The Honorable Jeffrey W. Ng presided.

present a closing argument at the hearing; (5) admitting into evidence a Department of Human Services report submitted to the Court on August 23, 2022, as well as a series of emails sent to Mother; and (6) allowing Patrice Bell, a Child Adult Protective Service Specialist for Child Welfare Services, to testify as an expert.[2]/

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Father's contentions as follows:

The issue we find dispositive is whether the Family Court abused its discretion in failing to view certain social media videos admitted into evidence, before rendering its decision that Mother had proven by a preponderance of the evidence that the allegations underlying her request for an order of protection were true. Father argues that the videos at issue – Exhibits G, H, I, and J – "show prior inconsistent statements" made by Mother, including that Mother "lied in her testimony when she said [Father] followed her[.]" Father asserts that the Family Court admitted these exhibits into evidence, but did not review them before announcing its decision to issue the Order.

The hearing transcript, which reflects the following discussion, appears to support Father's contention:

> THE COURT: What they are trying to say is that you made prior inconsistent statements. Okay?
>
> [MOTHER]: Okay.
>
> THE COURT: So, I mean, you can look at the videos to see whether they are authentic or not. . . .
>
> . . . .
>
> THE COURT: . . . So then why don't the parties look at [the videos] and then let me know how that goes.
>
> . . . .

---

[2]/ Father's apparent points of error have been restated and reordered for clarity. Father's opening brief does not comply with HRAP Rule 28(b) in numerous material respects. Nevertheless, Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Plan. Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180–81, 86 P.3d 982, 989–90 (2004)).

THE COURT:  . . . .

[Mother], did you have a chance to review the videos?

[MOTHER]:  Yeah, it's my TikTok videos.

THE COURT:  So you are not disputing the authenticity?

[MOTHER]:  No, they are authentic.  They are my TikTok videos that I did post.

THE COURT:  Okay.  What is your offer of proof, [Father's counsel], as to what the TikTok videos shows?

[FATHER'S COUNSEL]:  Yes, so the TikTok, Exhibit G my offer of proof is it's from January 2nd, 2022, allegedly after the incident that occurred that shows the parties or [Child] at least having a good time and not being fearful of her life.

[MOTHER]:  Yes.

[FATHER'S COUNSEL]:  Exhibit H is a video of -- posted the day after the TRO was filed, and we would show that that goes against her testimony that she's afraid of [Father]. Her posture is more of look at me now, I believe that was the name of the song that was being played.

I is a video of [Mother] where she makes a statement regarding February 28th, posted on February 28th saying that her stalker followed her around the block and that her stalker -- or had someone follow her and is ambiguous.

It's a prior inconsistent statement.  She does not say that she saw [Father] or that she could confirm that [Father] was driving the vehicle.  So it goes against that statement.

Exhibit J is from February -- May 14, 2021.  It shows bias, interest and motive.  She is saying when is [Father] going to go to jail.  When is he going to pay for the consequences --

. . . .

[FATHER'S COUNSEL]:  . . . The rest, Judge, I reviewed it.  The basis isn't that strong, so I won't move to enter those.  So I'm looking at H, I, J -- sorry, G, H, I, J.

THE COURT: [Mother]?  What's your position on -- you are saying they are authentic?

[MOTHER]:  They are my TikTok videos, your Honor.  I am a content creator on TikTok. I just want to put it on record, there is nothing wrong or against --

. . . .

THE COURT: G, H, I and J are received into evidence.

                (RESPONDENT'S EXHIBITS G, H, I AND J
                WERE MARKED FOR IDENTIFICATION AND
                RECEIVED IN EVIDENCE.)

THE COURT: So with that, do you still need [the authenticating witness] to testify?

[FATHER'S COUNSEL]: No, I don't.

THE COURT: All right. And you have no further witnesses, [Father's counsel]?

[FATHER'S COUNSEL]: No, I have no further witnesses.

THE COURT: Okay. Thank you. You can all be seated.

So the Court is prepared to rule.

. . . .

Based upon the credible evidence and testimony, and considering the exhibits, the Court finds [Mother] credible. Does not find [Father] and his witnesses credible.

So the Court is going to find that [Mother] proved the allegations contained in the petition by a preponderance of the evidence. [Father] has failed to show cause why order should not be continued, and a protective order is necessary to prevent domestic abuse or occurrence of abuse.

. . . .

Mother does not dispute that the Family Court did not view the videos at issue before announcing its decision. Indeed, Mother acknowledges that "the judge did not view the videos, but admitted them anyway when [Mother] did not object to their admission." She argues, however, that the videos have "minimal probative value" and "were not used as the basis of [the Court's] ruling."

This misses the point. HRS § 586-5.5 provides in relevant part:

> (a) If, <u>after hearing all relevant evidence</u>, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate, including, in the case where a protective order restrains any party from contacting, threatening, or physically abusing a minor, a fixed reasonable period extending to a date after the minor has reached eighteen years of age.

(Emphasis added.) The express language of HRS § 586-5.5 thus requires the trial court to hear <u>all relevant evidence</u> before issuing a protective order pursuant to the statute's terms.

Here, the videos at issue were offered as evidence of Mother's purported "prior inconsistent statements" and her alleged "bias, interest and motive." The Family Court appears to have admitted the videos into evidence on these grounds. Although Mother disputes the probative value of the videos, there is no dispute they constitute <u>relevant</u> evidence and no indication they are merely cumulative of other admissible evidence. Pursuant to HRS § 586-5.5, the court was thus required to hear, *i.e.*, view, the admitted videos before issuing the Order. See HRS § 586-5.5(a); see also People ex rel. Sherman v. Cryns, 748 N.E.2d 821, 824 (Ill. App. Ct. 2001) (determining that the trial court abused its discretion in ruling on a request for preliminary injunction without viewing the videotape that it had admitted into evidence). In failing to do so, the court abused its discretion. Cf. Tabieros v. Clark Equip. Co., 85 Hawaiʻi 336, 376-77, 944 P.2d 1279, 1319-20 (1997) (holding that the trial court abused its discretion in excluding relevant videotapes from evidence without first viewing them); Lau v. Allied Wholesale, Inc., 82 Hawaiʻi 428, 438, 922 P.2d 1041, 1051 (App. 1996) (ruling that the trial court abused its discretion in admitting a videotape into evidence without first reviewing its contents).

Given our ruling, we do not reach Father's remaining contentions, except to conclude that Father has not shown that the Family Court acted with bias against him. See Aga v. Hundahl, 78 Hawaiʻi 230, 242, 891 P.2d 1022, 1034 (1995).

Accordingly, we vacate the Order and remand the case to the Family Court for a new hearing. In doing so, we do not mean to suggest that the videos at issue are determinative of the issues raised in Mother's petition. We simply conclude that the Family Court abused its discretion in not viewing this evidence once it was admitted, before announcing the court's decision and entering the Order.

For the reasons discussed above, the Order for Protection, entered on August 29, 2022, in the Family Court of the Third Circuit, is vacated, and the case is remanded to the

Family Court for a new hearing pursuant to HRS §§ 586-5 and 586-5.5.

DATED:  Honolulu, Hawaiʻi, December 13, 2023.

On the briefs:

R.L.,
Self-represented Respondent-Appellant.

William Dean
(Ohana Law Firm)
for Petitioner-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge